**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**KATHERINE K. POOLE,**

**Plaintiff,**

**v.** **Case No. 8:26-cv-2446-JLB-AAS**

**DIMMITT SOUTH,**

**Defendant.**

______________________________________/

**REPORT AND RECOMMENDATION**

Plaintiff Katherine K. Poole, proceeding *pro se*, requests to proceed *in forma pauperis*. (Doc. 2). After a finding of indigency, the court may authorize a *pro se* litigant to prosecute a civil action "without prepayment of fees or security therefor." 28 U.S.C. § 1915.

The *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure "that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (per curiam) (citing *Coppedge v. United States*, 369 U.S. 438, 446–47 (1962)). "[P]roceeding *in forma pauperis* is a privilege, not a right." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986). While the district court has wide discretion in ruling on an application for leave to proceed *in forma pauperis*, it should grant such a privilege "sparingly" in civil cases for damages. *Thomas v. Chattahoochee Judicial Circuit*, 574 F.

App'x 916 (11th Cir. 2014); *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004).

When considering whether a litigant is indigent under § 1915, the only determination to be made by the district court is whether the statements in the affidavit satisfy the requirement of poverty. *Martinez*, 364 F.3d at 1307. A litigant need not show she is "absolutely destitute" to qualify for indigent status. *Id.* Rather, an application needs to show that the litigant, because of poverty, is unable to pay for the court fees and costs while providing necessities for the litigant and any dependents. *Id.*

Ms. Poole's states her primary monthly income is $5,132.72 from Bay Medical. (Doc. 8, p. 1). Ms. Poole reports additional income from a second job that fluctuates in number of hours scheduled but provides her with $26.00 an hour of extra income. (*Id.* at p. 2). Ms. Poole justifies her indigency by providing a list of expenses, totaling to $5,210.01, before irregular expenses or voluntary payments toward her federal tax liability. (*Id.* at pp. 3–4). Ms. Poole's only listed asset is a vehicle worth approximately $30,000.00, subject to a loan balance of $34,319. (*Id.* at pp. 4–5).

Based on Ms. Poole's affidavit and supplemental financial information, the undersigned finds she is not indigent. *See Washington v. AT&T Inc.*, 2025 WL 1203093, at *1 (M.D. Fla. Feb. 5, 2025) (denying an IFP motion where the plaintiff's expenditures, though greater than his income, included $800.00 in

monthly credit card debt and $1,000.00 in "unspecified" payments for "business or professional operations"); *Byrd v. Hiday & Ricke, P.A.,* No. 3:12-CV-551-J-99-TJCJRK, 2012 WL 13136917, at *2 (M.D. Fla. Nov. 5, 2012), *report and recommendation adopted*, No. 3:12-CV-551-J-99TJCJRK, 2012 WL 13136911 (M.D. Fla. Dec. 3, 2012) ("[I]f the [c]ourt were to be concerned with current cash flow status rather than the requirement of poverty, practically every case will become eligible for in forma pauperis status.") (internal quotation marks and citation omitted).

Accordingly, it is **RECOMMENDED** that:

(1) Ms. Poole's motion to proceed *in forma pauperis* (Doc. 2) is **DENIED**.

(2) Ms. Poole be directed to pay the filing fee to continue this action within fourteen days of the adoption of this order, and Ms. Poole be advised that failure to timely pay the filing fee may result in the dismissal of this matter without further notice. *See* Local Rule 3.10(a), M.D. Fla.

**ENTERED** in Tampa, Florida, on September 28, 2026.

Amanda Arnold Sansone

AMANDA ARNOLD SANSONE
United States Magistrate Judge